## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC SMITH,                      ) | |
|                                  ) | |
|                  Plaintiff,      ) | |
|                                  ) | |
| vs.                              )         | 1:12-cv-159-TWP-MJD |
|                                  ) | |
| INDIANA DEPARTMENT OF            ) | |
| CORRECTIONS, DOE                 ) | |
| DEFENDANTS, CORIZON,             ) | |
|                                  ) | |
|                  Defendants.  )  | |

## Entry Discussing Selected Matters

### I.

The motion to reconsider the denial of the motion for preliminary injunction has been considered. The reason for the denial of the motion for preliminary injunction was the plaintiff's transfer to another institution. His claim that the "same defendants" are associated with his health care at the institution where he is presently confined does not support the viability of his claim for injunctive relief at the prison where he was formerly confined. Accordingly, his motion for reconsideration [Dkt. 53] is **denied**. *See Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

## II.

### A.

The motion for appointment of counsel to obtain discovery for preparation of summary judgment [Dkt. 55] is **denied** because plaintiff has not shown that the litigation activities sketched in this motion are those that he is allowed to conduct, either with or without representation by counsel.

### B.

The motion for appointment of counsel has likewise been considered.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it themselves. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because he has and will have a meaningful opportunity to present his claims. He has demonstrated familiarity with his claims and the ability to present them. Having considered the complexity of the claims and the plaintiff's his ability

to litigate them, this is not a case in which at present it is appropriate to seek representation for the plaintiff.

Based on the foregoing, the plaintiff's motion for appointment of counsel [Dkt. 54] is **denied.**

**IT IS SO ORDERED.**

Date: 08/22/2012
_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric Smith
112675
Westville Correctional
5501 South 1100 West
Westville, IN 46391

All Electronically Registered Counsel