**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ERIC  SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORIZON Other Affiliate CORRECTIONAL | ) | |
| MEDICAL SERVICES OF DELAWARE, | ) | Case No. 1:12-cv-00159-TWP-MJD |
| INC., | ) | |
| BRUCE LEMMON, | ) | |
| A.  BAKER, | ) | |
| KIM  DON, | ) | |
| MICHAEL  MITCHEFF RMD, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's motion to reinstate previously filed motions and responses [Dkt. 103] requests that the Court reinstate the plaintiff's and Corizon's motions for summary judgment and responses thereto. Those motions were filed in December of 2012. Since those motions were denied without prejudice in April of 2013, additional defendants have been added to the case, the defendants withdrew their affirmative defense of failure to exhaust, and the plaintiff's deposition has been scheduled and will soon be taken. Under these circumstances, it is not appropriate to reinstate the previously filed motions for summary judgment. The pretrial schedule set forth in the Entry of May 20, 2013, remains in place, and, specifically, the deadline to file any dispositive motion in this case remains October 1, 2013.

2.      The plaintiff's motion to reconsider denial of motion to appoint counsel [Dkt. 112] alleges that he has contacted additional attorneys but now is limited in funds and will not be able to send more letters. The court now proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id*. at 653-655. At this point, and based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with both the factual circumstances surrounding his claims and with the legal issues associated with those claims, the plaintiff is competent to litigate on his own at this stage of the proceedings. Although the plaintiff alleges that he anticipates having more difficulties in being able to respond to motions because of being on lockdown and having no money, to this point, the plaintiff has demonstrated competence and therefore, his motion to reconsider the denial of his motion to appoint counsel [Dkt. 112] is **denied.**

     **IT IS SO ORDERED.**


Date: _____08/19/2013_____                    Hon. Tanya Walton Pratt, Judge
                                              United States District Court
                                              Southern District of Indiana

Distribution:

All electronically registered counsel

Eric D. Smith
DOC #112675
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362