**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ERIC  SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORIZON Other Affiliate CORRECTIONAL | ) | |
| MEDICAL SERVICES OF DELAWARE, | ) | Case No. 1:12-cv-00159-TWP-MJD |
| INC., | ) | |
| BRUCE LEMMON, | ) | |
| A.  BAKER, | ) | |
| KIM DON, | ) | |
| MICHAEL  MITCHEFF RMD, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The  plaintiff's  motion  for  discovery  extension  and  for  enlargement  of  time  to respond to the defendants' motions for summary judgment (Dkt. 129) is **GRANTED in part and DENIED in part,** consistent with the following:

a.      The plaintiff reports that pursuant to Rule 56(d) (formerly Rule 56(f)), he requires additional time to obtain depositions from expert witnesses. The plaintiff's request for additional time to take expert depositions is **DENIED,** as further explained in paragraph 2 of this Entry.

b.      The plaintiff shall have additional time, **through November 12, 2013,** in which to respond to both motions for summary judgment.

2.      The plaintiff's motion for order to leave prison, for appointment of counsel, or to depose witnesses, requests the Court to order one of three alternative options to assist him in obtaining expert testimony to use in opposition of the defendants' motions for summary judgment. The plaintiff's motion (Dkt. 130) is **DENIED** for the following reasons:

a.      Plaintiff's first request is that the Court order the Warden of the New Castle Correctional Facility to give him a five-day temporary release from prison so that he can work on his case with fewer restrictions.  He alleges that Indiana law permits this, citing Ind. Code § 11-10-8-2 (minimum security release programs). This statute does not apply to these circumstances. Plaintiff's request is denied as frivolous.

b.      Plaintiff's request for the appointment of counsel is denied for the time being because he has shown that he is competent to litigate his case on his own.  The fact that he wants to take depositions of experts does not change this determination because even if counsel were recruited to assist him at this time, the plaintiff would be responsible for paying for such costs, which plaintiff is not able to afford. If the case survives summary judgment and proceeds to trial, plaintiff may renew his request and the Court will remain open to attempting to recruit counsel for purposes of assisting the plaintiff at trial.

c.      Plaintiff requests that he be allowed to depose several of his former physicians, but he states that he cannot afford to pay for the depositions, court reporter, witness fees, or costs of paying the physicians. The Court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(d) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. "The right of access to the courts does not extend to provide witness fees for a witness the prisoner claims to be essential to his *in forma pauperis*

case." *McKinney v. U.S.,* 2009 WL 798583 (D. Colo. Mar. 24, 2009) (citing *Johnson v. Hubbard*,

698 F.2d 286, 288-90 (6th Cir. 1983)).

**IT IS SO ORDERED.**


Date: _____10/11/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana




Distribution:

All electronically registered counsel


Eric D. Smith, DOC #112675
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362