# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CORIZON, BRUCE LEMMON, A. BAKER, KIM DON, MICHAEL MITCHEFF RMD, | ) Case No. 1:12-cv-00159-TWP-MJD |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO CORRECT ERROR

This matter is before the Court on Plaintiff Eric Smith's ("Mr. Smith") Motion to Correct Error or Relief from Judgment (Dkt. 164) pursuant to Rules 59(e) and 60 of the *Federal Rules of Civil Procedure.* The dismissal of this action was entered on the docket on August 29, 2014. (Dkt. 162). "To prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). Rule 60(b)(2) also requires a showing of newly discovered evidence. Mr. Smith's post-judgment motion (Dkt. 164) is **DENIED** because he has failed to show any error.

Mr. Smith first contends that the Court erred in disregarding his sworn statement that he was "not out to Court" on July 19, 2011, when his surgery at an outside hospital was rescheduled. (Dkt. 162, p.13, n. 3). He is correct in pointing out that his sworn statement is admissible evidence, however, it is undisputed that medical records reflect that on July 19, 2011 Mr. Smith had a court date. Even if the Court had relied on Mr. Smith's assertion that he was, in fact, "not out to court"

that day, this factual finding would not have shown that any Defendant had anything to do with, much less exhibited deliberate indifference in, the rescheduling of his appointment at the hospital. Therefore, there was no error.

Mr. Smith further argues that it is improper to grant summary judgment against a prisoner who requested an expert to prove a medical standard of care. This is not true. The Court properly noted that it has no authority to provide a medical expert at public expense. (Dkt. 162, p. 15, n.4). The Court "need not appoint an expert for a party's own benefit…." *Turner v. Cox,* No. 14-1315, 2014 WL 3703865, *4 (7th Cir. July 28, 2014); *Brown v. United States,* 74 Fed.Appx. 611, 614 (7th Cir. Aug. 11, 2003) (no civil litigant has a legal right for the government to bear the cost of hiring an expert witness to testify on his behalf to establish an element of his case). The Court has no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(d) does not authorize the government to pay or advance the fees and expenses for witnesses. Moreover, contrary to Mr. Smith's suggestion that Defendants should have been ordered to pay the costs of his medical expert, the Court finds that Rule 706 of the *Federal Rules of Civil Procedure* is not applicable to the issues presented in this action.

Next, Mr. Smith asserts that the Court erred when it concluded that cost was not a factor in the provision of his medical care and when it relied on Seventh Circuit case law in determining that it is not unlawful for prison medical personnel to consider costs of treatments. Mr. Smith's rehashing of this argument is still not persuasive. It is not *per se* unconstitutional to consider cost of various treatments in determining what care is appropriate and necessary in the prison setting. This does not mean that budget constraints can justify or excuse deliberate indifference. The evidence in this action, however, did not reflect that the cost of surgery was a barrier to surgery being provided to Mr. Smith.

Finally, Mr. Smith argues that he has newly discovered evidence in support of his claims against Dr. Mitcheff and Ms. Baker with respect to the denial of his eyeglasses. He contends that he has learned that Ms. Baker's alleged lack of knowledge of the eyeglasses policy could have been treated as unethical conduct and resulted in a reprimand or termination of employment. However, this contention simply does not constitute "newly discovered evidence" of deliberate indifference by any defendant.

For all of the above reasons, the plaintiff's post-judgment motion for relief from judgment (Dkt. 164) is **DENIED.**

**IT IS SO ORDERED.**

Date: 9/22/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Eric D. Smith, DOC #112675
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168